# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| DONNA S. VASQUEZ, | : | CIVIL ACTION |
| Appellant, | : | |
| v. | : | |
| GEORGIA DEPARTMENT OF HUMAN RESOURCES OFFICE OF CHILD SUPPORT SERVICES and M. ELAINA MASSEY, Chapter 13 Trustee, | : : : : | |
| Appellees. | : | NO. CV507-82 |

## ORDER

The case is presently before the Court on appeal from an order of the Bankruptcy Court, which denied Appellant's motion to stop the garnishment of her wages by Creditor-Appellee, Georgia Department of Human Resources, Office of Child Support Services (the "State"). The issue on appeal is whether the Bankruptcy Court erred in that determination. Because the Court concludes that it cannot resolve the disputed legal issues in this case without further factual development by the Bankruptcy Court, the Court will **REMAND** the case to the Bankruptcy Court to hold an evidentiary hearing and issue findings of fact.

**BACKGROUND**

On February 7, 2007, Donna S. Vasquez filed a petition for relief under Chapter 13 of the Bankruptcy Code. In Debtor's petition, she listed the debt allegedly owed to Creditor. Vasquez characterized the debt as a child support obligation, but also intimated that the money was due to a government agency. Debtor listed the debt on Schedule E, as an unsecured priority claim, and on Schedule F, as a general unsecured (nonpriority) claim.

According to Vasquez, around 1991, Debtor's mother sought government assistance for Vasquez's children through a federal program administered by the states, Aid to Families with Dependent Children ("AFDC").[1] Debtor asserts that her mother never had custody of her children, and that Vasquez and her children lived at her mother's residence at all relevant times. According to Debtor, and undisputed by Creditor, her children were eighteen and nineteen at the time of the hearing before the Bankruptcy Court on July 24, 2007.

Prior to confirmation, on April 11, 2007, Vasquez filed a proof of claim on the State's behalf, characterizing the

---

[1] The AFDC program was modified by the welfare reform legislation passed by Congress in the mid-1990s; its successor program, Temporary Assistance for Needy Families, provides more limited benefits.

debt as an unsecured claim in the amount of $21,000, pursuant to 11 U.S.C. § 501(c). Although Vasquez valued the child support claim at "zero" in the bankruptcy proceedings, the State failed to object or respond at all before the Bankruptcy Court prior to confirmation. The State had notice of Vasquez's filing and her characterization of the debt while Vasquez's Chapter 13 case was pending.

On the day of the confirmation hearing, June 26, 2007, Vasquez filed a motion to stop the income deduction for child support payments with the Bankruptcy Court, arguing that the garnishment of her wages was improper in light of her confirmed plan. Bankruptcy Judge John S. Dalis heard argument from the parties on the motion in July 2007 and received briefs from the parties thereafter.

**DISCUSSION**

The Court may affirm, modify, reverse, or remand with instructions for further proceedings. Fed. R. Bankr. P. 8013. While the Court applies a <u>de novo</u> standard of review to any questions of law, the findings of fact made by the Bankruptcy Court will not be set aside unless clearly erroneous. <u>Id.</u>;

Borg-Warner Acceptance Corp. v. Fedders Fin. Corp., 614 F.2d 399, 403 (5th Cir. 1980).[2]

In the order denying Debtor's motion, the Bankruptcy Court concluded that the State was not bound by the confirmation of Vasquez's Chapter 13 plan, and that Creditor was permitted to maintain the income deduction order under the exception provided by the automatic stay in 11 U.S.C. § 362(b)(2)(C). Vasquez appeals from this order, arguing that the State's failure to object to the confirmation of her Chapter 13 Plan is res judicata pursuant to 11 U.S.C. § 1327.

Debtor complained in her motion and at the hearing before the Bankruptcy Court that the averred debt owed to the State was not owed and was not a valid "domestic support obligation" under federal bankruptcy law because the State should have contracted with her, the custodial parent, for any assignment rights or repayment obligations. Debtor posited that the State's disbursement of funds to, and contract with, Debtor's mother was not enforceable against her.

However, the Bankruptcy Court assumed that the debt was a valid domestic support obligation under federal law. The

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

-4-

Bankruptcy Court also assumed that the debt was entitled to priority treatment under the Bankruptcy Code. During the hearing on Debtor's motion, the Bankruptcy Court also presumed that Vasquez's mother validly and voluntarily assigned certain collection rights to the State with respect to the child support payments. App. Rec. No. 15 at 6.

It is insufficient for a creditor to intone the magic words "domestic support obligation" and for a court to accept such a characterization at face value, when confronted with allegations that suggest that the debt may not be a domestic support obligation, as that term is defined in 11 U.S.C. § 101(14A). A federal court is obliged to decide the meaning of statutory terms, when reasonably in dispute to decide the matters before them, and must consider a party's arguments that the facts of the specific case before the court render the statutory text inapplicable.

Contrary to Creditor's assertions, these duties do not conflict with principles of comity and federalism in this case. Undoubtably, the federal courts must exercise care and caution to avoid becoming entangled in family law disputes that are properly decided by the state courts. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992). Yet, this case does not present the potential conflict of the sort the Carver

court urged the district courts to avoid: "Decisions which involve alimony or child support, generally under continuing supervision by the state courts, could require the bankruptcy court to second guess the state court on such matters and could produce conflicting court decrees further aggravating an already delicate situation." Id.

The creditor in the instant case is not a spouse, former spouse, or an adult responsible for the debtor's minor children. Indeed, it is undisputed that Debtor's children have attained the age of majority. The creditor is a government agency that may have certain contractual rights to collect sums from Debtor. Therefore, the disputed issues of fact in the case sub judice go toward resolving apparent questions of contract law. Neither this Court nor the Bankruptcy Court has been asked to wade into a custody battle, divorce proceeding, or a case involving an ongoing support obligation. Rather, the Court is confronted with a state agency that may have sat on its rights to collect an assigned debt.

Consequently, the Court rejects the notion that any challenge to the validity of the claim should have been raised in state court. App. Rec. No. 15 at 7. Creditor argues that a support order can be modified or set aside in state court,

but that is beside the point. It is immaterial that Debtor had other avenues open to challenge the validity of the debt, because the method Debtor attempted to use to do so in her bankruptcy proceedings was reasonable. Whether the debt was valid was a critical fact in the proceedings before the Bankruptcy Court and that court should have determined whether the debt fell within the statutory definition provided in 11 U.S.C. § 101(14A).

If Debtor's assertions are true, then the debt may not constitute a "domestic support obligation," and/or it may not constitute an unsecured priority claim under the Bankruptcy Code. See, e.g., id. & 11 U.S.C. § 507(a)(1)(B).[3] Debtor maintains that if the debt is not valid, then the garnishment order violated the terms of the confirmed plan, and Debtor's motion should have been granted. Likewise, if Debtor's contentions are accurate, the proof of claim filed before the Bankruptcy Court characterized the debt accurately.[4]

---

[3] As the Bankruptcy Court noted, this determination also impacts whether the debt is dischargeable. 11 U.S.C. § 523(a)(5) & § 1328.

[4] A claim is prima facie valid, and the objecting party has the initial burden of proving to the contrary. Fed. R. Bankr. P. 3001(f). A bankruptcy court may not reject or dispose of a claim on its own motion. Instead, an interested party must object to it for a bankruptcy court to review the claim. In re White, 908 F.2d 691, 693 (11th Cir. 1990); see 11 U.S.C. § 502(a); & Fed. R. Bankr. P. 3007. After an objection has been filed, the ultimate burden of production and persuasion rests with the party who would otherwise bear the evidentiary burden in a nonbankruptcy context. Ralleigh v. Ill. Dep't

Debtor's modified plan provided that "Section 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law." App. Rec. No. 3 at 1. In fact, Debtor did "provide for" the alleged child support debt otherwise in her plan (albeit that she provided that the debt was worthless). Under 11 U.S.C. § 1322(b)(2), a plan may "modify the rights . . . of holders of unsecured claims."

In <u>Rake v. Wade</u>, the Supreme Court defined "provided for," as used in 11 U.S.C. § 1325(a)(5), as "to make a provision for or stipulate to something in a plan." 508 U.S. 464, 473 (1993). As used in § 1328(a) of the Bankruptcy Code, "provided for" means "makes a provision for, deals with, or even refers to a claim." <u>Id.</u> at 474. The Fourth Circuit has added that a plan "provides for" a claim under § 1327(c) when it acknowledges the claim or interest and makes explicit provision for its treatment. <u>Cen-Pen v. Hanson</u>, 58 F.3d 89, 94 (4th Cir. 1995).

"When a debt characterized as alimony, maintenance or support is in dispute, the court should hold an evidentiary hearing to determine whether the debt is actually in the

---

<u>of Revenue</u>, 530 U.S. 15, 20-26 (2000).

-8-

nature of alimony, maintenance or support within the meaning of section 523(a)(5)."  4 Collier on Bankruptcy, ¶ 523.11[5] (15th ed. rev. 2008).  "Whether the debt is in the nature of alimony, maintenance or support is a matter of federal law and depends on a variety of factors."  3 Collier on Bankruptcy, ¶ 362.05[2] (15th ed. rev. 2008).

Accordingly, the Bankruptcy Court shall hold an evidentiary hearing to take evidence surrounding the State's transaction with Vasquez's mother.  Any oral or documentary evidence relating to the transaction could be relevant to a determination about the validity of this obligation.  For example, the alleged contractual agreement the State entered into with Vasquez's mother would appear to be a critical piece of evidence in resolving the legal issues presented here. Additionally, whether the alleged assignment was voluntarily, or involuntarily, made by Vasquez's mother may also affect whether the debt ought to be characterized as a "domestic support obligation" and/or whether the debt is entitled to priority treatment under federal law.

It is also significant that the record does not disclose when the garnishment order at issue took effect.  Nor does the record disclose whether income listed by the Debtor in her petition takes the garnishment into account in determining the

Debtor's income. Both facts are relevant to the Court's determination of the disputed legal issues presented by this appeal. The Bankruptcy Court is directed to take evidence from the parties as to these matters and issue findings of fact for the Court's consideration.

Further, Vasquez implies that she has medical problems, and that the State should waive any interest due on the debt under Georgia statutory law as a result, if the debt was classified by the Bankruptcy Court correctly. See 11 U.S.C. § 101(14A). The Court agrees that Vasquez's medical condition could be relevant if Debtor's characterization of state law is accurate. Thus, the Bankruptcy Court should determine if Vasquez has any medical problems that may be significant under state and federal law, in the event the debt does constitute a domestic support obligation under federal law.

Contrary to Creditor's assertions, Debtor did contest the nature and validity of the debt below and these matters were preserved for appeal. See Snap-On Tools, Inc. v. Freeman, 956 F.2d 252, 255 (11th Cir. 1992). According to the statement of issues to be presented on appeal, filed by Debtor pursuant to Federal Rule of Bankruptcy Procedure 8006, Debtor asked: "Did the Bankruptcy Court err in declining to stop the garnishment

of the debtor's income for pre-petition child support arrearage?" App. Rec. No. 13.

On August 31, 2007, Vasquez filed her notice of appeal. On November 2, 2007, the Trustee moved to dismiss Debtor's case in the Bankruptcy Court. On February 19, 2008, the Bankruptcy Court dismissed Vasquez's case. Although the Court is aware that Debtor's case has been dismissed, the circumstances surrounding dismissal have not been disclosed to the Court.

The district court, sitting as an appellate court reviewing an order of the bankruptcy court, retains the power to preserve the effectiveness of the judgment it will enter subsequently. The Court has the authority to make any appropriate order designed to preserve the rights of the parties. As a result, based on the facts now before the Court, this appeal is not rendered moot by the Bankruptcy Court's order of dismissal. Fed. R. Bankr. P. 8017(c); see generally 10 Collier on Bankruptcy, ¶ 8005.02 (15th ed. rev. 2008).

**CONCLUSION**

For the reasons explained above, the Court **REMANDS** the

case to the Bankruptcy Court to make findings of fact with respect to the disputed issues discussed above, and to render a report of those facts to the Court in accordance with the terms of this Order.

**SO ORDERED,** this __30th__ day of September, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA